UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPEN MAHARAJ, FRANCISCO RUIZ, JAMES SHAMON, and DEEPAK SAINI,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC. and TIM DURHAM,<br><br>Defendants. | No. 1:17-cv-01478-DAD-SKO<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Doc. No. 6) |

This case was originally filed in Stanislaus County Superior Court on September 27, 2017 and removed here on November 3, 2017. (Doc. No. 1.) Plaintiffs filed a motion to remand on December 1, 2017. (Doc. No. 6.) Defendants filed an opposition on January 9, 2018. (Doc. No. 9.) Plaintiffs filed a reply on January 16, 2018. (Doc. No. 12.) A hearing was held on January 23, 2018, with attorney Spencer Sinclair appearing on behalf of plaintiffs, and attorney Gregory Cheng appearing on behalf of defendants. For the reasons that follow, the court will grant this motion and remand this matter to the Stanislaus County Superior Court.

## **LEGAL STANDARD**

Removal jurisdiction is governed by federal statute, and allows suits brought in state courts to be removed to federal court if they could have been filed in the latter initially. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Retail Property Trust v. United*

1

1 | *Brotherhood of Carpenters and Joiners of America*, 768 F.3d 938, 947 (9th Cir. 2014).
Generally, federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Property Trust*, 768 F.3d at 947 (quoting *Caterpillar Inc.*, 482 U.S. at 392). This is because "the plaintiff is the master of the complaint," and has the right to, "by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398–99; *see also Dennis v. Hart,* 724 F.3d 1249, 1252 (9th Cir. 2013). The general removal statute is strictly construed, and a federal court's removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (contrasting § 1441 and § 1442 removals). It is axiomatic that a federal court may not proceed in the absence of subject matter jurisdiction, and that the federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (objections to subject matter jurisdiction may be raised at any stage, "even after trial and the entry of judgment") (quoting *Arbaugh*, 546 U.S. at 506); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012); *see also* Fed. R. Civ. P. 12(h)(3).

Nonetheless, "under the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *ARCO Envtl. Remediation, L.L.C. v. Department of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)); *see also JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010). There are, therefore, the following rare exceptions to the well-pleaded complaint rule: "(1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1114. (internal citations omitted).

/////

In light of the strong presumption against removal jurisdiction, defendants have the burden of establishing that removal was proper. *See Gaus*, 980 F.2d at 566.

**ANALYSIS**

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), states in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . .

The Supreme Court has recognized that the LMRA "does more than confer jurisdiction in the federal courts over labor organizations. It expresses a federal policy that federal courts should enforce these agreements on behalf of or against labor organizations and that industrial peace can be best obtained only in that way." *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456–57 (1957); *see also Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) ("The dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute."). As a result, because "[a]n action arising under § 301 is controlled by federal substantive law even though it is brought in state court," the Supreme Court has deemed it proper for such cases to be removed to federal court under federal question jurisdiction. *Avco Corp. v. Aero Lodge No. 375, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968).

Section 301 preemption subsequently expanded "beyond cases specifically alleging contract violation to those whose resolution is 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'" *Cramer*, 255 F.3d at 689 (citing *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)). "The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id*.

Nevertheless, "not every dispute concerning employment, or tangentially involving a provision of a [CBA], is preempted by § 301 or other provisions of the federal labor law."

*Allis-Chalmers*, 471 U.S. at 211. In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court clarified that § 301 preemption applies only to "claims founded directly on rights created by collective-bargaining agreements, and claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id*. at 394 (quoting *Franchise Tax Bd.*, 463 U.S. at 23). In *Caterpillar, Inc.* the Supreme Court also explicitly rejected the argument that "all employment-related matters involving unionized employees be resolved through collective bargaining and thus be governed by a federal common law created by § 301." *Id*. at 396, n.10 (internal citations omitted).

In *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007), the Ninth Circuit set forth a two-part analysis for determining whether a plaintiff's claim is preempted by § 301. First, a court must "determine whether a particular right inheres in state law or, is instead grounded in a CBA." *Id*. "If the right exists solely as a result of the CBA, then the claim is preempted, and [ ] analysis ends there." *Burnside*, 491 F.3d at 1059. However, if the claim exists independently from the CBA, the court must still decide whether it is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Id*. at 1060 (citing *Caterpillar*, 482 U.S. at 394 and *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires "looking to" the CBA, it is not preempted. *Id.*

The first step of the *Burnside* analysis described above requires the court to "consider the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Id*. at 1059-60 (quoting *Livadas*, 512 U.S. at 123). The second step of the analysis requires the court to determine whether the claimed rights are "substantially dependent" on the analysis of the CBA. The court in *Burnside* clarified that a defense relying on the terms in a CBA is "not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim.'" *Id*. at
/////
/////
/////

1053 (quoting *Caterpillar*, 482 U.S. at 398–99)[1]; *see also Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002) ("reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption."). The "'look to'/'interpret' distinction" in the second step of the analysis has been recognized as "not a task that always lends itself to analytical precision." *Id.* at 1060; *see also Cramer*, 255 F.3d at 691. Of course, "when the meaning of the contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require that" the state law claim is preempted. *Livadas*, 512 U.S. at 124; *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005); *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000). Moreover, "'[§] 301 does not permit parties to waive, in a collective-bargaining agreement, nonnegotiable state rights' conferred on individual employees." *Valles*, 410 F.3d at 1076 (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1111 (9th Cir. 2000)). "Thus, in order for complete preemption to apply, 'the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.'" *Id.* (quoting *Cramer*, 255 F.3d at 691); *see also Ward*, 473 F.3d at 998 (the "determinative question is whether the state law factual inquiry . . . turn[s] on the meaning of any provision of the collective-bargaining agreement.").

Here, it is undisputed that the complaint does not invoke the CBA on its face. Nonetheless, defendant argues that plaintiffs' sixth cause of action alleging a violation of Article I, § 8 of the California Constitution, is "squarely grounded within the applicable CBA." (Doc.

/////

/////

/////

---

[1] As the Supreme Court explained, "the plaintiff is the master of the complaint," and if the defendant could engineer "the forum in which the claim shall be litigated" based on the substance of his defense, "the plaintiff would be master of nothing." *Caterpillar*, 482 U.S. at 398–99.

No. 9 at 8.)[2]  Plaintiffs' sixth cause of action must be based on the CBA, according to defendant, because otherwise it simply fails to state a claim:  Article I, § 8 protects only plaintiffs' "right to not be *excluded* from a particular profession on the basis of race, sex, national origin, or other prohibited classification," whereas here plaintiffs remain current employees.  (*Id.* at 8–9.)

It is true, as defendants argue, that claims under Article I, § 8 are limited to circumstances in which an employee is terminated or an applicant is not hired.  Article I, § 8 of the California Constitution states that "[a] person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin."  "[A] claim brought directly under Article I, § 8 of the California Constitution may only be brought where a plaintiff has been denied entrance into a profession or particular employment or terminated from the same."  *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 871 (9th Cir. 1996); *see also Rojo v. Kliger*, 52 Cal. 3d 65, 88–91 (1990) (holding that a plaintiff may state a cause of action for wrongful discharge in violation of public policy premised on Article I, § 8 of the California Constitution).  Because of the use of the word "disqualified," the Ninth Circuit has interpreted § 8 as "govern[ing] actions which result in the complete exclusion of an individual from employment with a particular employer, and does not reach conduct affecting particular aspects of an individual's job."  *Strother*, 79 F.3d at 872.  Accordingly, a plaintiff must have been terminated or denied employment in order to state a claim under § 8.  *See Simpson v. Martin, Ryan, Andrada & Lifter*, No. C 96-4590 FMS, 1997 WL 542701, at *5 (N.D. Cal. Aug. 26, 1997) ("Article I, section 8, however, does not create a private cause of action to redress private employment discrimination that does not result in termination."); *see also Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 979–80 (E.D. Cal. 2016); *Mounts v. California*, No. 1:09-cv-00214-OWW-SMS, 2009 WL 1084214, at *3 (E.D. Cal. Apr. 22, 2009); *Madison v. Motion Picture Set Painters and Sign Writers Local 729*, 132 F. Supp. 2d 1244, 1256 (C.D. Cal. 2000).  Indeed, plaintiffs concede in their reply that this claim as pleaded is not sufficient to state a claim and

---

[2] As noted in the pending motion for remand, defendant does not contend that plaintiffs' other causes of action, all of which are based on California's Fair Employment and Housing Act ("FEHA"), are preempted.  (Doc. No. 9 at 8 n.1.)  Therefore, the court's jurisdiction here is premised solely on whether the sixth cause of action is pre-empted.

6

should be dismissed. (*See* Doc. No. 12 at 2.)

However, this does not support defendant's argument in favor of removal here. That argument is premised on defendant's belief that, since the basis for one of plaintiffs' claims is obviously not meritorious, it must in fact have a different legal basis. This argument would directly controvert the maxim that the plaintiff is "the master of the claim." *Caterpillar Inc.*, 482 U.S. at 392. Neither defendant nor the court is generally free to decide plaintiffs intended to state claims that are not alleged simply because they believe those claims would have been more meritorious than the ones stated. *See, e.g.*, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (noting that even in the context of liberally construing a pro se plaintiff's complaint, the court "may not supply essential elements of the claim that were not initially pled"). For better or worse, plaintiffs' sixth cause of action as plead seeks to state a claim based on Article I, § 8 of the California Constitution.

In terms of the *Burnside* test, it is clear that the right plaintiffs have sought to vindicate— their right to be free from wrongful discharge in violation of public policy because they were terminated on the basis of their race—"inheres in state law." *Burnside*, 491 F.3d at 1060; *see also Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016) ("Only if the claim is 'founded directly on rights created by collective-bargaining agreements' is preemption warranted at this step.") (quoting *Caterpillar*, 482 U.S. at 394). Moreover, this claim clearly exists independently from any interpretation of, or even the existence of, any CBA. No authority has been cited showing the CBA has or could lawfully contract away the plaintiffs' rights to be free from wrongful discharge on the basis of their race or other protected status. *See Cramer*, 255 F.3d at 695 (noting that § 301 "does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law") (quoting *Allis-Chalmers*, 471 U.S. at 212). Moreover, the fact that a particular action might be a violation of *both* the CBA and the California Constitution does not require a court to find the claim pre-empted. *See Miller v. AT&T Network Sys.*, 850 F.2d 543, 546 (9th Cir. 1988) ("[W]e cannot accept defendants' claim that parallel protection in collective bargaining agreements mandates preemption."); *Ramilo v. Kaiser Permanente*, No. CV 09–2060–VBF(AJWx), 2009 WL 10675066, at *2 (C.D. Cal. Apr. 29,

2009) ("[T]he mere fact that the CBA offers 'parallel protection' with independent state law is insufficient to find Section 301 preemption."). Therefore, the CBA would likely be irrelevant, even were a claim brought based upon that provision to be successfully stated. Plaintiffs' sixth cause of action simply does not implicate § 301.

The court reiterates that plaintiffs' claim under Article I, § 8 as currently plead appears to be worthy of dismissal, something which plaintiffs concede. (*See* Doc. No. 12 at 2.) However, this court cannot dismiss a cause of action for failure to state a claim when it lacks jurisdiction over the suit as a whole. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("Dismissal on jurisdictional grounds means that the court was without original jurisdiction and had no authority to do anything other than to determine its jurisdiction."). Here, there is no federal question stated on the face of the complaint before this court, and even under the artful pleading doctrine, plaintiffs' claim is not pre-empted by § 301.[3] The court therefore lacks subject matter jurisdiction over this case, which must be remanded. Plaintiffs may voluntarily dismiss their claims that are not meritorious, and defendants are free to move the state court for dismissal of any causes of action they wish.

/////

/////

---

[3] Defendants also suggest the court should deny the motion to remand because plaintiffs failed to confer with the meet and confer requirement set forth in the court's standing order. (Doc. No. 9 at 12–13.) Defendants concede the parties discussed the motion prior to filing it, but suggest plaintiffs failed to provide additional analysis to support their position when requested by defense counsel during the meet-and-confer. (*Id.*) The court is unpersuaded either that plaintiff failed to meet and confer prior to filing this motion or that the court should exercise its discretion to deny this motion on that basis. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (noting that the decision to deny a motion for failure to comply with local rules is within the district court's discretion); *Winfrey v. TIC – The Indus. Co.*, No. CV-16-00844 VAP (SPx), 2016 WL 1572824, at *1 (C.D. Cal. Apr. 19, 2016) (same).

**CONCLUSION**

For the foregoing reasons:

1. Plaintiffs' motion to remand (Doc. No. 6) is granted;

2. The matter is remanded to Stanislaus County Superior Court; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 24, 2018**

UNITED STATES DISTRICT JUDGE